UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 3:17-CV-217-TWP-HBG |
| DAVID B. RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation, | ) |
|       Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 69] of the District Judge.

Now before the Court is a Motion for Attorney Fees and Expenses by the Plaintiff John Doe [Doc. 66]. The Motion is ripe for adjudication. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 66**] be **GRANTED**.[1]

**I.  BACKGROUND**

The instant case [Doc. 1] was filed on May 29, 2017, challenging the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 (hereinafter, "Act"), Tenn. Code Annotated §§ 40-39-201 – 40-39-218 (2018). Specifically, on August 15, 2006, Plaintiff pled guilty to a charge of indecent liberties with an eleven-year old in

---

[1] The Court notes that no party requested a hearing on this matter. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (explaining that a fee application may be decided without a hearing).

violation of a North Carolina statute. [Doc. ¶ 10]. Plaintiff pled guilty, in part, based on a representation that he would be placed on the Sex Offender Registry for a period of ten (10) years. [*Id.* at ¶ 11]. On August 31, 2006, Plaintiff registered as a sex offender and was placed on the North Carolina Sex Offender Registry. [*Id.* at ¶ 12]. He later moved to Tennessee and registered as a sex offender in Tennessee. [*Id.* at ¶ 13].

Upon the ten (10) year anniversary of his release from custody and registration as a sex offender, Plaintiff requested that the Tennessee Bureau of Investigation ("TBI") remove his name from Tennessee's Sex Offender Registry. [*Id.* at ¶ 16]. TBI declined to remove his name due to a 2014 amendment to the Act, which provided that a sex offender shall remain on the Sex Offender Registry for life if the victim was less than twelve (12) years old. [*Id.* at ¶ 24]. Plaintiff filed suit for declaratory and injunctive relief against the Governor of Tennessee and the TBI Director, challenging the retroactive application of the 2014 amendment as a violation of the Ex Post Facto Clause and the Due Process Clause. [*Id.* at 1-2].

Both Defendants filed a motion to dismiss, arguing, in part, that they were not proper parties. On October 23, 2017, the District Judge dismissed the Governor as a defendant. [Doc. 18]. The Court reasoned that the Governor has no specific authority in relation to the Act other than his general duty to faithfully execute the laws of the State. [*Id.* at 7]. The Court reached the opposite conclusion with respect to the TBI Director. [*Id.* at 8]. The Court reasoned that the Complaint alleged that the TBI refused Plaintiff's request to be taken off the list and that Plaintiff lost his job when it was discovered that he was not removed from the registry. [*Id.*]. The Court further found that the Complaint stated a claim for violating the Ex Post Facto Clause. [*Id.* at 13].

Subsequently, the parties filed cross summary judgment motions. In the Memorandum Opinion, the Court granted summary judgment to Plaintiff on his claim with respect to the Ex Post

2

Facto Clause but granted Defendant summary judgment on the Due Process claim. The Court further concluded, "Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 65, the Court **DECLARES** that the application of Tenn. Code Ann. § 40-39-207(g)(1)(C) as to Plaintiff is an unconstitutional Ex Post Facto law and the Defendant is hereby **ENJOINED** from enforcing this provision against Plaintiff." [Doc. 63]. Finally, the Court noted that pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs. [*Id.*].

Plaintiff has now moved the Court for attorney's fees and costs. In the Motion, Plaintiff seeks a total of $18,663.15 for attorney's fees and costs.

## II. ANALYSIS

The Court has reviewed the filings in this case, and for the reasons explained below, the Court **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees and Expenses [**Doc. 66**] be **GRANTED**.

The District Judge has already awarded attorney's fees and costs in this case. Thus, the only determination for this Court is whether the requested amount of attorney's fee and costs is reasonable. With respect to attorney's fees, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of

3

>> the professional relationship with the client; and (12) awards in "similar cases."

*Id.* at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Id.* at 416 (quoting *Farrar v. Hobby,* 506 U.S. 103, 114 (1992)).

Plaintiff requests that he be awarded $17,860.00 in attorney's fees. With respect to the hourly rate, Attorney Brown requests $200 per hour. In support of his hourly rate, Attorney Mark Brown filed an Affidavit [Doc. 66-1], explaining that he has been licensed as an attorney in Tennessee since 2002 and was admitted to the United States District Court for the Eastern District of Tennessee in 2003. Attorney Brown states that has handled hundreds of cases in both state and this Court. [*Id.* at ¶ 2].

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the Court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by*, *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).

The undersigned is quite familiar with the prevailing rate for attorneys within the Eastern District of Tennessee and finds that $200 per hour is reasonable. *See EEOC v. Dolgencorp*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018) (awarding $260 per hour for an attorney who graduated law school in 2006 in an employment case); *Penn. Higher Educ. Assistance Agency v. Coffey*, No. 1:12-cv-271, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013)

4

(finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga), *report and recommendation adopted*, 2013 WL 1342797, at *1 (E.D. Tenn. Apr. 2, 2013). Further, Defendant does not object to this hourly rate. Given Attorney Brown's experience, the prevailing rate within this district, and the lack of objection from Defendant, the Court **RECOMMENDS** that Attorney Brown be awarded $200 per hour.

Turning to the number of hours billed, Attorney Brown submitted an itemization of his billing statements, requesting that he be awarded 89.3 hours for litigating this case. [Doc. 66-1 at 16]. Attorney Brown submits that the itemization billing statements do not account for all the hours that he spent litigating this case. He explains that he discounted his hours as a professional courtesy and that he did not include the time he spent trying to get Plaintiff's name removed from the registry. Defendant responds that Plaintiff placed his more detailed fee statements under seal, and therefore, Defendant cannot evaluate the extent to which Plaintiff's counsel discounted fees.[2] Defendant requests that the Court exercise its discretion and determine the appropriate discount to be applied in Plaintiff's fee request, in light of the fact that the Governor was dismissed and Plaintiff's due process claim was dismissed on summary judgment.

The Court declines to recommend that the fee request be reduced for several reasons. First, Plaintiff has already significantly reduced his fees. For example, the detailed invoices reflect that Attorney Brown spent approximately 113 hours litigating this case. The Court notes that there are a number of entries that state "hours worked but not charged" or hours discounted as a "professional courtesy." Further, the Court notes that several of the hours that were not billed or that were discharged were in relation to the dispositive motions in this case. In addition, while the

---

[2] The Court denied Plaintiff's motion to seal the invoices.

5

Governor was dismissed, the Court notes that defendants filed one motion and the applicable law was the same with respect to both defendants. *See* Defendants' Memorandum of Law [Doc. 9] (arguing that plaintiff failed to satisfy the requirements set forth in *Ex parte Young* for bringing an action for injunctive and declaratory relief against the Governor and the TBI Director). Thus, it appears that much of the time Attorney Brown spent responding to both Defendants' requests was done contemporaneously. While Plaintiff did not prevail on his due process claim, as mentioned above, Attorney Brown has already discounted his fees.

Finally, the Court has considered the total number of hours requested in light of the discovery and motion practice in this case. As mentioned above, this case was filed in 2017 and was not fully adjudicated until two years later. During that time, the parties engaged in a healthy motion practice, including the filing of dispositive motions, and participated in written discovery and depositions. Given the time spent litigating this case, the Court does not find it necessary to reduce the fee request, especially in light of Plaintiff's success.

Finally, Plaintiff has requested $803.05 in costs. Defendant has not objected to these costs, and therefore, the Court declines to recommend any reductions.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMEMNDS**[3] that Plaintiff's Motion for Attorney Fees and Expenses by the Plaintiff John Doe [**Doc. 66**] be **GRANTED**. The

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for

6

Court **RECOMMENDS** that Plaintiff be awarded $17,860.00 in attorney's fees and $803.15 in costs.

Respectfully submitted,

*/s/ Bruce Guyton*

United States Magistrate Judge

---

appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

7