UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-217-TWP-HBG |
| ) | |
| DAVID B. RAUSCH, in his official capacity as ) | |
| Director of the Tennessee Bureau of ) | |
| Investigation, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to File Documents Under Seal [Doc. 67]. Specifically, Plaintiff requests that his billing statements [Doc. 68] be filed under seal because they potentially contain identifying information, although Plaintiff has made an effort to redact them. In addition, Plaintiff states that the billing statements are subject to the attorney-client privilege and work product of counsel.

Local Rule 26.2 provides as follows: "Except as otherwise provided by statute, rule, or order, all pleadings and other papers of any nature filed with the Court . . . shall become a part of the public record of this Court." E.D. Tenn. L.R. 26.2(a). In order to seal any part of the record, a party must show good cause. E.D. Tenn. L.R. 26.2(b). In this District, discrete redacting of documents or selective sealing is generally preferred over the wholesale sealing of documents. *See* E.D. Tenn. L.R. 26.2; E.D. Tenn. ECF R & P at § 12; *see also PPG Inc., v. Payne*, No. 3:10-CV-

1

73, 2010 WL 2158807 (E.D. Tenn. May 25, 2010) (Jordan, J.) and *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 912 (E.D. Tenn. 2009) (Greer, J.).

The Sixth Circuit reiterated that "courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F. 3d 299, 305 (6th Cir. June 7, 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The Sixth Circuit continued that the burden of overcoming the presumption is a heavy one and that the "proponent of sealing . . . must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (quoting *Baxter Int'l, Inc., Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002)).

The Court does not find that Plaintiff has established good cause to file the billing statements under seal. First, Plaintiff may make appropriate redactions to conceal his identity, and it appears that he has already done so. Second, the Court has reviewed the billing statements, and without any specific argument to the contrary, they do not appear to contain material protected by the attorney-client privilege or work product doctrine. Many of the billing statements under seal contain similar billing descriptions as the publicly filed itemization statement [Doc. 66-1]. Further, even if there were protected material, Plaintiff may redact such information. Accordingly, the Court **DENIES** Plaintiff's Motion to File Under Seal [**Doc. 67**]. *See* ECF Rule 12.2 (explaining if a motion to seal is denied, the clerk's office will delete the sealed document). Plaintiff **SHALL** refile such documents with appropriate redactions within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

                                    ENTER:

                                    _____
                                    United States Magistrate Judge